## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| 325 S. 18th STREET, LLC and BRUCE FASSETT,<br><br>*Plaintiffs,*<br><br>v.<br><br>PHILADELPHIA COMMUNITY DEVELOPMENT COALITION, et al.,<br><br>*Defendants.* | CIVIL ACTION<br>NO. 25-6867 |

**Pappert, J.**                                                    **February 20, 2026**

### MEMORANDUM

      325 S. 18th Street, LLC and Bruce Fassett sued Qing Qing Ke, Jin Fang Zhang, Toner Law Group, PLLC, Orphanides & Toner, LLP, Paul J. Toner, Gardner Fox Associates, Inc. and numerous other citizens, entities and state court judges, alleging they violated the First, Fifth, and Fourteenth Amendments, the federal RICO statute, and various Pennsylvania laws.  Plaintiffs contend Defendants conspired to use Pennsylvania's Abandoned and Blighted Property Conservatorship Act, or "Act 135," to seize and sell two properties they owned in Philadelphia.

      Ke, Zhang, Toner Law, Orphanides & Toner, Mr. Toner, and Gardner Fox move to dismiss all claims against them.  Several of them also seek to designate 325 S. 18th Street, LLC and its attorney Olivia Adams as "vexatious litigants" and enjoin them from filing additional lawsuits without court approval.  The Court grants the motions and dismisses all claims against the moving defendants without prejudice but denies, at least for now, enjoining 325 S. 18th Street, LLC and Adams as vexatious litigants.

1

I

The Court explained this case's history in *Rufo v. Fox*, No. 21-2861, 2021 WL
5399912 (E.D. Pa. Nov. 18, 2021) *aff'd* 2022 WL 16646689 (3d Cir. Nov. 3, 2022).
Plaintiffs' claims involve Act 135, which allows court-appointed conservators to bring
blighted properties into municipal code compliance.  *See* Pa. Stat. & Cons. Stat. Ann.
§ 1102(6).

A

Beginning in 2016, the Philadelphia Community Development Coalition filed Act
135 petitions against Plaintiffs' properties at 325 S. 18th Street and 5105 Overbrook
Avenue in Philadelphia.[1]  (Compl. ¶ 78, Dkt. No. 1.)  After hearings on the petitions,
two judges on the Philadelphia County Court of Common Pleas appointed PCDC as
conservator.  *See* (Att'y Defs.' App'x at 22, 190, Dkt. No. 14-3).

In 2018, Judge Kenneth Powell approved PCDC's Act 135 Final Plan to
remediate 325 S. 18th.  (*Id.* at 63.)  That plan included work from contractor Gardner
Fox.  (Compl. ¶¶ 28, 79.)  When the work finished, PCDC moved for fees, costs, and
permission to sell and transfer the property, (Att'y Defs.' App'x at 122–25), which Judge
Powell granted in 2021 after a three-day evidentiary hearing.  (*Id.* at 135–38.)

Judge Ann Butchart approved PCDC's Final Plan for 5105 Overbrook in 2019.
*See Fassett*, 312 A.3d at 380.  PCDC remediated the property and moved to sell it.  *Id.*
at 382–84.  Judge Butchart granted the motion in 2022, *see id.* 383–84, and approved

---

[1]     325 S. 18th Street, LLC owned a property in Philadelphia with the same address, (Compl.
¶ 20), and Sierra Fassett, represented by trustee Bruce Fassett, owned a property at 5105
Overbrook, *see* (*Id.* ¶ 21).

Qing Qing Ke and Jin Fang Zhang as buyers, *see* (Compl. ¶ 39). PCDC conveyed the deed to the property to Ke and Zhang in 2024. (*Id.*)

Plaintiffs meanwhile challenged the conservatorships and sued everyone associated with them in state and federal court. *See*, *Rufo*, 2021 WL 5399912, at *1–2 (collecting cases); *Phila. Cmty. Dev. Coal., Inc. v. Fassett*, 312 A.3d 377, 380–85 (Pa. Commw. Ct. 2024) (collecting motions and appeals); *see generally* (Att'y Defs.' App'x (same)). Paul Toner and his law firms represented PCDC throughout litigation.[2] (Compl. ¶¶ 24–26, 68, 78.) Every court—including this one—rejected Plaintiffs' theories. *See, e.g., Rufo*, 2021 WL 5399912, at *1–2; *Fassett*, 312 A.3d at 378–85; *Isabella v. Champagne*, No. 17-2028, 2018 WL 1071879 (E.D. Pa. Feb. 26, 2018) (dismissing Plaintiff's claims related to 325 S. 18th); *Walsh v. Isabella*, No. 353 CD 2018 (Pa. Commw. Ct. 2018) (quashing appeal related to PCDC's appointment as conservator); *Walsh v. Isabella*, No. 336 CD 2021 (Pa. Commw. Ct. Oct. 1, 2021) (same); *Walsh v. Isabella*, No. 299 CD 2022 (Pa. Commw. Ct. Feb. 26, 2024) (same); *Walsh v. Isabella*, No. 76 CD 2023 (Pa. Commw. Ct. Oct. 8, 2024) (same); *Walsh v. Isabella*, No. 48 CD 2022 (Pa. Commw. Ct. May 6, 2025) (affirming orders approving the sale of 325 S. 18th).[3]

---

[2] Mr. Toner worked at Orphanides & Toner LLP and now works for Toner Law Group, PLLC. (*Id.* ¶¶ 24–26.)

[3] This litigation triggered a disciplinary investigation into Plaintiffs' lawyer, Olivia Adams. The Office of Disciplinary Counsel petitioned to discipline Adams in May of 2024. *See Off. of Disciplinary Couns. v. Adams*, No. 54 DB 2024, www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/74118/adams-olivia-a (last visited Feb. 18, 2026); (Compl. at 8 & n.10). The Disciplinary Board held hearings over the past two years, *see* (Compl. at 8), and, on January 23, 2026, recommended the Supreme Court of Pennsylvania suspend Adams's law license for five years, *see Adams*, No. 54 DB 2024.

B

Plaintiffs' Complaint consists of 375 paragraphs spread over 138 pages with an additional 217 pages of "exhibits." (Dkt. No. 1.) A "condensed scheme summary," offered for "judicial clarity," is unfortunately not very meaningful. (Compl. at 32.) Broadly interpreted, Plaintiffs allege Defendants engaged in "an unconstitutional petition-mill systematically preying upon and pillaging the properties of the poor for profit through a pattern and practice." (*Id.* at 3.) Defendants purportedly filed fraudulent Act 135 petitions containing "false insurance applications," "bogus" engineering reports, and "fabricated or unsupported invoices." (*Id.*) Throughout the conservatorships, judges supposedly "manipulated" their dockets, suppressed evidence, obstructed justice, and approved "insider sales" of the properties. (*Id.* at 4.)

There are fifteen counts[4] against twenty-six defendants.[5] As it relates to the moving defendants, Plaintiffs contend Ke and Zhang unlawfully took possession of 5105 Overbrook because PCDC never possessed legal title to the property. (*Id.* ¶ 255.) Mr. Toner and his law firms allegedly schemed with PCDC, its contractors, the City of

---

[4]      The Complaint alleges: (1) Fifth Amendment takings, (2) Fourteenth Amendment procedural due process violations, (3) substantive due process violations, (4) equal protection violations, (5) civil rights conspiracy, (6) First Amendment retaliation, (7) *Monell* liability, (8) state-created danger, (9) federal RICO violations, (10) RICO conspiracy, (11) common-law fraud, (12) civil conspiracy, (13) claims for a declaratory judgment and to quiet title, (14) conversion and (15) "Unjust Enrichment / Accounting / Constructive Trust / Disgorgement." (*Id.* at 85, 89, 93, 96, 98, 102, 105, 107, 109, 114–15, 117, 119, 122, 124.) Plaintiffs bring Counts I and XIII against Ke and Zhang; Counts I through VI, VIII, IX, XI, XIII and XIV against Mr. Toner, Orphanides & Toner, and Toner Law; and Counts I through III, V, VIII, IX, XI and XIV against Gardner Fox. (*Id.*)

[5]      In addition to the moving defendants, Plaintiffs sue PCDC, David Champagne, Gregory Bustamante, Mangual Demolition, OCF Holdings, OCF Realty, Sherman Toppin, Compass Real Estate, Hilary Lefkowitz-Karaman, Moto DesignShop, Adams Montalbano, the City of Philadelphia, the Department of Licenses & Inspections, John/Jane Doe Municipal Defendants 1–40, Bustamante Engineering John/Jane Does 41–60, Private Actor John/Jane Does 61–100, and Judges Nina Padilla, Ideé Fox, Kenneth Powell Jr., Daniel Anders and Ann Butchart. (Compl. at 1.)

Philadelphia, and five judges to profit from the conservatorships.  (*Id.* ¶¶ 24–26, 58, 69.)  And Gardner Fox contributed by "generating fabricated or padded construction invoices."  (*Id.* ¶ 331.)

## II

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads facts from which the Court can infer "that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

Assessing plausibility under *Twombly* and *Iqbal* is a three-step process.  *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Step one is to "take note of the elements the plaintiff must plead to state a claim."  *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675).  Next, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Finally, for all "well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).  If the well-pleaded facts do not nudge the "claims across the

line from conceivable to plausible," the Court must dismiss the complaint.  *Twombly*,

550 U.S. at 570.[6]

## III

Defendants move to dismiss the Complaint under Federal Rule of Civil

Procedure 8(a).  *See* (Att'y Defs.' Mem. of L. in Supp. of Mot. at 21, 24, Dkt. No. 14-1);

(Gardner Fox's Mem. of L. in Supp. of Mot. at 4–5, Dkt. No. 32-2).  Under Rule 8(a)(2), a

pleading that states a claim for relief must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Complaints

that violate this requirement—known as "shotgun pleadings"—fail to provide

defendants with sufficient notice of the claims asserted against them and the grounds

upon which each claim rests.  *See Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026,

1031 n.13 (3d Cir. 1988).

The Third Circuit Court of Appeals disfavors "the all too common shotgun

pleading approach."  *Id.*  Shotgun pleadings include complaints that: (1) contain

"multiple counts where each count adopts the allegations of all preceding counts," (2)

are "replete with conclusory, vague, and immaterial facts not obviously connected to

any particular cause of action," (3) do "not separat[e] into a different count each cause of

action or claim for relief" or (4) "assert multiple claims against multiple defendants

without specifying which of the defendants are responsible for which acts or omissions,

or which of the defendants the claim is brought against."  *Bartol v. Barrowclough*, 251

---

[6]    Defendants attach to their motions prior federal and state court litigation related to 325 S. 18 and 5105 Overbrook as well as the Hearing Committee's recommendation to discipline Adams. *See generally* (Att'y Defs.' App'x).  Because those documents are "matters of public record," the Court considers them.  *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citation omitted).

F. Supp. 3d 855, 859 (E.D. Pa. 2017) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015)).

The Complaint is a shotgun pleading under (1), (2) and (4). First, Plaintiffs "incorporate" all preceding paragraphs for each of the fifteen counts. (Compl. ¶¶ 254, 262, 279, 291, 302, 311, 316, 321, 327, 339, 344, 350, 355, 362, 368.) So the allegations for each count are "rolled into every successive count," *see Weiland*, 792 F.3d at 1324, and all but Count I contain "irrelevant factual allegations and legal conclusions," *see Barol*, 251 F. Supp. 3d at 860.

Second, the Complaint—signed by attorney Olivia Adams—is 138 pages with 375 paragraphs and twenty-eight footnotes. (Dkt. No. 1.) Plaintiffs attach eight exhibits and a "RICO Case Statement," bringing the total page count to 355. (*Id.*); *see also Bartol*, 251 F. Supp. 3d at 860 (dismissing a shotgun pleading that was fifty-four pages with thirteen counts against seven defendants); *Fuhrman v. Mawyer*, No. 21-cv-2024, 2023 WL 5672314, at *13–14 (M.D. Pa. Sep. 1, 2023) ("Plaintiffs' 297-page complaint is neither short nor plain for purposes of Rule 8."). Despite its length, the Complaint doesn't say much of substance. It largely consists of conclusory and vague allegations:

- Defendants engaged in "a multi-year pattern of unconstitutional conduct." (Compl. ¶ 58.)

- Mr. Toner "extract[ed] . . . equity from Act 135 properties without lawful code-compliance performance." (*Id.* at 5 n.4.)

- Toner Law "direct[ed]" and "control[ed]" "sham nonprofits" to engage in a "coordinated petition-mill practice." (*Id.* at 6.)

- Mr. Toner, Toner Law, and Orphanides & Toner filed Act 135 petitions to possess properties, extract payments, and force "insider sales." (*Id.* at 4 & ¶¶ 59, 78, 198, 329, 333, 340, 363, 371.)

- Mr. Toner made "materially false statements under oath" during Adams's disciplinary hearings. (*Id.* ¶ 139 n.26.)

- Judges conspired with Mr. Toner in ruling on Act 135 petitions. (*Id.* ¶¶ 11 n.11, 107 n.15, 125 nn.19 & 21, 129 n.24, 139 n.26, 141 n.27, 161, 181, 232, 305.)

- Mr. Toner, Toner Law, and Orphanides & Toner engaged in "arbitrary and conscious-shocking conduct." (*Id.* ¶ 161–62.)

- Gardner Fox submitted "fake or inflated invoices" related to its work on properties subject to Act 135 petitions. (*Id.* ¶¶ 28, 258, 331, 352.)

- Ke and Zhang's title to 5105 Overbrook Avenue is "*ultra vires* and *void ab initio*." (*Id.* ¶¶ 39, 255, 357.)

None of these allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545 (citation modified).

Only a handful of nonconclusory allegations relate to the moving defendants. For example, Mr. Toner drafted orders identical to those judges signed. (Compl. ¶¶ 139 n.26, 305.) One judge called Mr. Toner a "bright attorney" but admonished Adams for her "recalcitrance." (*Id.* ¶ 107 n.15.) Mr. Toner co-presented a CLE seminar on Act 135 petitions with Judge Ideé Fox, *see* (*Id.* ¶¶ 26, 140 n.27), who also issued orders related to the properties, *see* (*Id.* ¶ 63). Gardner Fox worked on these properties and submitted invoices for its work. (*Id.* ¶¶ 28, 79.) And PCDC conveyed the deed to 5105 Overbrook to Ke and Zhang. (*Id.* ¶ 39.) These immaterial facts are not connected to any particular cause of action, *see Bartol*, 251 F. Supp. 3d at 859, nor do they nudge Plaintiffs' claims "across the line from conceivable to plausible," *see Twombly*, 550 U.S. at 569.[7]

---

[7] Plaintiffs also attach eight exhibits to the Complaint which are orders, letters, and pictures with no clear connection to any of their claims. *See* (Compl. Exs. A–H, Dkt. Nos. 1-1–9).

Finally, Plaintiffs allege fifteen counts against any combination of twenty-six defendants.  Many of those counts refer to "Defendants" without specifying which defendant is responsible for which acts or omissions.  (Compl. ¶¶ 193, 199–200, 257, 303, 313, 322, 326, 328, 332–33, 335, 340, 345–347, 351, 353, 363–67, 369, 370–71.) Although the Complaint allows for the inference that "Defendants" refer to all defendants listed for a particular count, that inference does not "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests," *see Bartol*, 251 F. Supp. 3d at 859 (quoting *Weiland*, 792 F.2d at 1323).

Because the Complaint fails as a shotgun pleading, the Court need not at this time address whether preclusion, *Younger* abstention, the Full Faith and Credit Act, or various immunities bar Plaintiffs' claims.

IV

Toner Law, Orphanides & Toner, and Mr. Toner also move to designate 325 S. 18th Street, LLC and Adams as "vexatious litigants" and bar them from filing new actions concerning Act 135 petitions for 325 S. 18th and 5105 Overbrook without prior approval from the Court.  (Att'y Defs.' Mot. at 31.)

Under the All Writs Act, a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993) (citing 28 U.S.C. § 1651(a)); *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982).  A litigant's rights to due process and access to the courts limit that power.  *Brow*, 994 F.2d at 1038.  So for such an injunction to issue, a district court must: (1) not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions," (2) "give notice to the litigant

9

to show cause why the proposed injunctive relief should not issue" and (3) "narrowly tailor" the injunction "to fit the particular circumstances of the case before the Court." *Id.* (citation modified).

Since 2016, 325 S. 18th Street, LLC and Adams have filed a barrage of unsuccessful lawsuits, appeals and motions in state and federal court related to the conservatorship. *See generally* (Att'y Defs.' App'x). Plaintiffs brought similar claims against many of the same defendants five years ago, which the Court dismissed with prejudice, *see Rufo*, 2021 WL 5399912, and the Third Circuit affirmed, *see id.*, 2022 WL 16646689. Although those claims were conclusory and implausible, *see id.*, 2021 WL 5399912, at *6–7, this lawsuit does not yet warrant the "extreme remedy" the Defendants seek, *Oliver*, 682 F.2d at 446; *Silver v. Barclays Bank Del.*, No. 21-1630, 2023 WL 2306730, at *2 (D. Del. Mar. 1, 2023) (filing a second meritless case after the first one was dismissed did not justify an injunction). The Court instead places 325 S. 18th Street, LLC and Adams on notice that filing additional cases related to the conservatorship at 325 S. 18th may result in an order to show cause directing them to explain why an injunction should not issue.

V

Courts should freely give leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).

The Court has serious concerns Plaintiffs can cure the defects in their claims, and urges Plaintiffs to reflect on this Memorandum and the case's tortured history

10

before trying to do so.  But Plaintiffs insist the Complaint raises new facts, injuries and misconduct that could not have occurred in prior litigation, *see* (Compl. ¶ 58), so they may amend consistent with this Memorandum and to the extent they can allege facts sufficient to state a plausible claim for relief, *see* 5 *Wright & Miller's Federal Practice & Procedure* § 1217 ("Even when a violation of the short and plain statement requirement results in a dismissal of the action, ordinarily it will be with leave to replead.").

      An appropriate Order follows.

BY THE COURT:


**<u>/s/ Gerald J. Pappert</u>**
Gerald J. Pappert, J.
